UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
KIMBERLY SCHINDLER, As Attorney-In-Fact, for
NANCY B. SIVER,

CIVIL CASE NO: _____

                Plaintiff,

**NOTICE OF REMOVAL TO FEDERAL COURT**

   -against-

ATRIA SENIOR LIVING d/b/a ATRIA
HUNTINGTON,

                Defendant.
------------------------------------------------------------------- X

Defendant **ATRIA SENIOR LIVING d/b/a ATRIA HUNTINGTON** ("Defendant") (referred to as "ATRIA" or "Defendant") hereby removes to this Court the state action described below. Removal is warranted under 28 U.S.C. § 1441 because this is an action over which this Court has original jurisdiction under 28 U.S.C. § 1332.

**I.  BACKGROUND**

1. Plaintiff, Kimberly Schindler, as Attorney In Fact for Nancy B. Siver, brought this personal injury action against Defendants by filing a Summons and Verified Complaint in the Supreme Court of the State of New York, County of Nassau on August 31, 2020. *See* Declaration of Kelly Jones Howell in Support of Notice of Removal under 28 U.S.C. § 1441(b) (Diversity) of the parties (hereinafter "Howell Decl."), **Exhibit A**. This case was assigned Index Number 609142/20. *See id*. at ¶ 1. Please find the Summons and Complaint annexed to the Howell Decl. as **Exhibit B**.

2. This case concerns injuries allegedly sustained by Plaintiff Nancy B. Siver from October 21, 2019 through November 12, 2019 while a resident at Atria Huntington at 165 Beverly Rod, Huntington Station, New York 11746. *Id.* at 29. Plaintiff alleges her injuries were due to the

negligence of Defendant. *Id.* Plaintiff assert causes of action against Defendant for violations of New York Public Health Law 2801-d and 2803-c and negligence. *See id.* at ¶¶ 20-53.

3. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and because Defendant has satisfied the procedural requirements for removal.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1441

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

### A. DIVERSITY OF CITIZENSHIP

5. Plaintiff was, at the time this action was commenced, a resident and citizen of the State of New York, Nassau County. *See* **Exhibit B**; ¶1.

6. Defendant **ATRIA SENIOR LIVING d/b/a ATRIA HUNTINGTON** is and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Louisville, Kentucky. *See* Howell Decl., ¶ 4.

### B. AMOUNT IN CONTROVERSY

7. It was not apparent from the face of the Complaint that Plaintiff seeks an amount in controversy in excess of $75,000, exclusive of interest and costs, because Plaintiff did not specify the damages sought against Defendant or the severity of the alleged injury. *See* Howell Decl., ¶¶ 5-7; *see also generally* **Exhibit B**.

8. Accordingly, since it was not readily apparent this matter was removable on the face of the Complaint; Defendant filed their Answer in the Supreme Court of the State of New York, Nassau County (please find the Answer annexed to the Howell Decl. as **Exhibit C**), generally

denying all liability. *See* Howell Decl., ¶8; **Exhibit C**.

9. In order to ascertain the amount of damages sought by Plaintiff, this office served upon Plaintiff a supplemental demand for damages pursuant to New York CPLR 3017(c) and a Notice to Admit, dated October 23, 2020 pursuant to New York CPLR 3123 (please find Defendant's Combined Demands and Notice to Admit annexed to the Howell Decl. as **Exhibit D**). *See* Howell Decl., ¶9; **Exhibit D**.

10. The Notice to Admit asked Plaintiff to:

   a) Admit that Plaintiff's total claimed damages in this case are in excess of $75,000, exclusive of interest and costs; and

   b) Admit that Plaintiff seeks to recover in excess of $75,000, exclusive of interest and costs, in this case.

**Exhibit D**.

11. Plaintiff did not respond to the Notice to Admit but in the Eastern District of New York this alone is not sufficient to satisfy the amount in controversy requirement. *See* Howell Decl., ¶ 11; *Remy v. Savoie*, No. 17-CV-00663 (DLI)(RER), 2017 U.S. Dist. LEXIS 22350, at *4 (E.D.N.Y. Feb. 16, 2017) ("Defendants cannot rely on Plaintiff's failure to respond to their Notice to Admit as the basis for removal . . . ").

12. However, in discovery responses dated January 8, 2021, Plaintiff responded to the CPLR 3017(c) supplemental demand for damages indicting Plaintiff demands $5,000,000 in damages in this matter. (please find Plaintiff's Combined Demand Responses annexed to the Howell Decl. as **Exhibit E**); *See* Howell Decl., ¶12; **Exhibit E**, p. 4.

13. Defendant initially did not know whether Plaintiff sought damages in excess of $75,000, and in fact, Defendant could not reasonably ascertain whether Plaintiff sought damages in excess of $75,000 because Plaintiff did not specify the damages sought against Defendant or the severity of the alleged injury and Plaintiff's failure to respond to the Notice to Admit is not

sufficient to satisfy the Amount in Controversy.  *See* Howell Decl., ¶8.

14.  Notwithstanding, since Plaintiff indicated they seek damages in excess of the Amount in Controversy in their CPLR 3017(c) response, it is now evident that the Amount in Controversy is satisfied. *See* Howell Decl., ¶12; *Yonkosky v. Hicks*, 409 F. Supp. 2d 149, 157 (W.D.N.Y. 2005) ("where the pleadings themselves are inconclusive as to the amount in controversy ... federal courts may look outside those pleading to other evidence in the record.").

15.  It was not until on or about January 8, 2021, when Plaintiff served their CPLR 3017(c) response, that Defendant was able to ascertain that Plaintiff's alleged damages exceed $75,000 within a "reasonable probability" as required by 28 U.S.C. 1332(a). *See* Howell Decl., ¶13; *United Food & Commercial Workers Union Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d. Cir. 1994); *accord Young v. United Parcel Service General Services Co.*, No. 11-CV-4105 (DLI)(RER), 2012 WL 847574 at *1 (E.D.N.Y. Mar. 12, 2012) (amount in controversy satisfied where Plaintiffs seek damages in excess of $75,000).

16. Therefore, on or about, on or about January 8, 2021, was the first day Defendant became aware this matter was eligible for removal pursuant to 28 U.S.C. § 1332. *See* Howell Decl., ¶13; *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 145 (2d Cir. 2014) ("the removal clocks of 28 U.S.C. § 1446(b) are not triggered until the plaintiff serves the defendant with an initial pleading or other document that explicitly specifies the amount of monetary damages sought or sets forth facts from which an amount in controversy [] can be ascertained."); *F.W. Myers & Co. v. World Projects Int'l, Inc.*, No. 96-CV-0763, 1996 WL 550135, at *3 (N.D.N.Y. Sept. 19, 1996) ("the 30–day time limitation had begun when defendant had 'first ascertained' that the amount in controversy limit was exceeded.").

### III.  PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

17.  No earlier than January 8, 2021, Defendant first learned that Plaintiff seeks

damages in excess of $75,000.  *See* Howell Decl., ¶13.

19. Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) because Defendant has filed this Notice of Removal with this Court within thirty (30) days of learning this matter was eligible for removal pursuant to 28 U.S.C. § 1332. *See id*.; *Cutrone, at* 143 ("If removability is not apparent from the allegations of an initial pleading or subsequent document, the 30–day clocks of 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered.").

19. Defendant demands a jury trial.

20. A copy of this Notice of Removal is being filed in the Supreme Court of the State of New York, County of Nassau, and delivered to Plaintiff's counsel of record.  Please find the Notice of Filing Notice of Removal to State Court annexed to the Howell Decl. as **Exhibit F**) *See* Howell Decl., ¶14.

21. By removing this action to this Court, Defendant does not waive any defenses, objections, or motions available to it under state or federal laws.  Defendant expressly reserves the right to move for dismissal of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant **ATRIA SENIOR LIVING d/b/a ATRIA HUNTINGTON** pray that the above-styled action now pending against it in the Supreme Court of the State of New York, County of Nassau, be removed therefrom to this Honorable Court, the United States District Court for the Eastern District of New York.

Dated: New York, New York
       February 4, 2021

                                              HARRIS BEACH PLLC

                                              /s/ Kelly Jones Howell
                                              Kelly Jones Howell (KEJ - 7804)

                                        Andre J. Major (AJM – 8888)
*Attorneys for Defendant*
**ATRIA SENIOR LIVING**
**d/b/a ATRIA HUNTINGTON**
100 Wall Street, 23rd Floor
New York, New York 10005
(212) 687-0100